[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#109)
The motion to strike is the proper vehicle with which to challenge the legal sufficiency of claims contained within the pleading i.e., it is the vehicle to utilize to raise and dispose of questions of law prior to trial. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 438 (1989). The motion to strike is governed by Practice Book 151 through 158.
Plaintiff has asserted five counts in his amended complaint of January 17, 1991: (1) negligent misrepresentation; (2) breach of contract; (3) breach of implied duty of good faith and fair dealing; (4) negligent infliction of emotional distress; and (5) violations of the Connecticut Unfair Trade Practices Act. Defendant requests that this court strike the first through fifth counts of plaintiff's complaint. The matter involves an employment contract between the parties.
The plaintiff alleges that representatives of the defendant met with him to negotiate the possibility of the plaintiff relocating to Connecticut from Kentucky in order to staff a practice known as "Simsbury Physicians Associates". During those negotiations, the defendant's representatives allegedly made certain representations regarding the terms and conditions of the plaintiff's potential employment by the defendant. Subsequently, the plaintiff entered into an agreement with the defendant and moved to Connecticut. The agreement setting forth the employment relationship between the plaintiff and the CT Page 1843 defendant provided: "This agreement constitutes the entire agreement between the parties and contains all the agreements between the parties."
The First Count alleges that the defendant Hospital made certain representations as to staffing of the practice, work week, fringe benefits, continuity of employment and compensation, prior to his entering into the contract. It also alleges that the defendant failed to exercise reasonable care in obtaining the information on such matters for him, and that such information was incorrect and misleading, and that he relied on such representations to his detriment.
 "The governing principles for negligent misrepresentation were outlined in D'Ulisse-Cupo v. Board of Directors of Notre Dame High School, 202 Conn. 206, 218, 520 A.2d 217 (1987). The court quotes 552 Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment. . . supplies false information for the guidance of others in their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (emphasis added)"
Hood vs. Mercedes-Benz Corp., CSCR 650, 651, (June 17, 1991, Lewis J.).
The defendant claims that the plaintiff entered into employment after signing the contract and that the contract contained none of the terms allegedly relied upon by the plaintiff. Further the defendant claims the complaint does not allege facts to support "justifiable reliance", and argues that the plaintiff should be barred from recovery if he were negligent in so relying, citing Restatement of Torts 2d 552A (1979).
Construing the complaint in favor of the plaintiff, the court is of the opinion that a cause of action is stated. The Supreme Court, in D'Ulisse-Cupo, supra, at page 219 held that a complaint in negligent misrepresentation need not use the language of the Restatement (although such language was in fact used in this case) and allowed a statement that did not specifically describe the nature of the plaintiff's detrimental reliance. Further, contributory negligence, if relied upon by the defendant poses a question of fact, as does the issue of negligent misrepresentation. The resolutions of such matters are better addressed in summary judgment, than on a motion to strike. See, Hood, supra. The motion to strike is denied as to the First Count. CT Page 1844
The Second Count repeats paragraphs 1-6 of the First Count and thereafter alleges that the defendant breached the contract by requiring services of the plaintiff in excess of that required by the contract and by unilaterally terminating fringe benefits as provided therein. These allegations of act will withstand a motion to strike, and the motion is denied as to the Second Count.
The Third Count purports to incorporate the allegations of the Second Count and further alleges a violation of an implied covenant of fair dealing. Paine, Webber, Jackson Curtis, Inc., vs. Winters, 13 Conn. App. 712, 720. Such an allegation will survive a motion to strike.
In the Fourth Count, the plaintiff restates paragraph 1 through 6 of the Third Count and further alleges a claim for negligent infliction of emotional distress. This claim is barred by the exclusivity of the Workers' Compensation Act. All acts alleged by the plaintiff occurred while in the defendant's employ. Connecticut's courts have universally held that employees who claim the negligent infliction of emotional distress arising out of and in the course of employment must seek relief through the Workers' Compensation Commission rather than through the courts. See Sec. 31-284, Conn. 427 as to the exclusivity of the remedy. See compilation of cases in5 Conn. L. Rptr. No. 7. 185. The motion to strike the Fourth count is granted.
The Fifth Count claims that the actions of the defendant constitute a violation of the Connecticut Unfair Trade Practices Act. (CUTPA). Section 42-110 et seq. Conn. Gen. Stat. In this instance, Connecticut courts have repeatedly held that CUTPA does not apply to employment relationships. See, e.g., Porter vs. Hartford Anesthesiology Associates, Inc.,4 Conn. L. Rptr. No. 11. 359 (Wagner, J.) and cases cited. The motion to strike is granted as to the Fifth Count.
The motion is denied as to the First, Second and Third Counts and granted as to the Fourth and Fifth Counts, as well as the Second and Third prayers for relief.
BURNS, J.